IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT G. BARELA,
By his next of friend,
Cyndi Barela,

    Plaintiff,

v.                                                     Civ. No. 22-96 GJF/GBW

THE CITY OF HOBBS, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendants' Motion to Stay Discovery Pending Resolution of Defendants Marinovich's and Still's Motion for Partial Summary Judgment Based on Qualified Immunity as to Counts I and IV. *Doc. 41*. Having reviewed the Motion and attendant briefing (*docs. 43, 44*), and being fully advised in the premises, the Court GRANTS the Motion.

On August 22, 2022, Defendants Marinovich and Still filed a motion for summary judgment based on qualified immunity to Plaintiff's claims for unlawful arrest and malicious prosecution. *Doc. 39*. The next day, Defendants filed the instant motion to stay. *Doc. 41*. On September 5, 2022, Plaintiff filed a response to the motion for summary judgment. *Doc. 47*.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has emphasized that trial courts should resolve the issue before discovery if possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Unsurprisingly then, the "[s]tandard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, Cause No. 1:17-cv-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017); *see also Encinias v. N.M. Corr. Dep't*, Civ. No. 21-1145

KG/SCY, 2022 WL 2341629, at *1-2 (D.N.M. June 29, 2022) (rejecting a proposal to stay discovery as to defendants raising qualified immunity in a motion to dismiss but permit discovery as to the remaining defendants).

Plaintiff argues that the Court should deny the motion to stay at least to permit the depositions of Officer Dale and Fields. *Doc. 43* at 4. According to Plaintiff, the depositions of these two "eye-witnesses … are needed to rebut the qualified immunity defenses raised in Defendants' Motion for Partial Summary Judgment…." *Doc. 43* at 2. Moreover, Plaintiff asserts that Defendants' counsel had promised to provide deposition dates for those officers prior to the filing of the relevant motions. *Id.* at 2-3. Finally, relying on certain cases, Plaintiff argues for a more permissive view of discovery pending dispositive motions based upon qualified immunity.

The Court is not persuaded that it should deviate from the standard rule of a complete stay of discovery. First, the cases cited by Plaintiff are easily distinguishable from the instant case. Second, the Court is not convinced of the existence of a promise by defense counsel that should be enforced notwithstanding the filing of the qualified immunity motion. Finally, and most importantly, the need for targeted discovery essential to a summary judgment response can, and should, be addressed through the mechanism of Fed. R. Civ. P. 56(d). *See, e.g., Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988); *see also Padilla v. GEICO Ins. Co.*, Civ. No. 19-696 SMV/GBW, 2019 WL 4889131, at *2 (D.N.M. Oct. 3, 2019) (unpublished). If depositions are

3

necessary to oppose a qualified immunity summary judgment motion, a plaintiff need only proceed pursuant to Rule 56(d) to establish the need for those depositions. Upon meeting the requirements of that rule, the depositions can proceed notwithstanding an overall stay of other discovery. Here, not only does Plaintiff not address the requirements of Rule 56(d), he declined to seek relief under that rule and instead filed a response to the summary judgment motion. This approach leads to Court to conclude that the depositions of Dale and Fields are not necessary to oppose Defendants' pursuit of qualified immunity to Counts I and IV.

IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Defendants Marinovich's and Still's Motion for Partial Summary Judgment Based on Qualified Immunity as to Counts I and IV (*doc. 41*) is GRANTED. All discovery in this case is STAYED for the pendency of the Court's adjudication of Defendants Marinovich's and Still's Motion for Partial Summary Judgment Based on Qualified Immunity as to Counts I and IV (*doc. 39)*.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE