UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALBERT G. BARELA, *by his next friend,*
*Cyndi Barela*,

    Plaintiff,

v.                                                                            Civ. No. 22-96 GJF/GBW

THE CITY OF HOBBS, et al.,

    Defendants.

## "INDICATIVE RULING" UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1 ON JOINT MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER is before the Court on the parties' "Joint Motion to Alter or Amend Judgment as to the Dismissal without Prejudice of Counts III and V under Fed. R. Civ. P. 59 and to Issue an Indicative Ruling under Fed. R. Civ. P. 62.1." [ECF 107] ("Motion"). The Motion requests in essence that the Court vacate its Final Judgment [ECF 96] entered on July 7, 2023. The parties contend that the Court inadvertently mischaracterized Count III of Plaintiff's Complaint [ECF 1 at 7-8] as a state law claim rather than as a claim invoking 42 U.S.C. § 1983 premised on supervisory and municipal liability. Mot. at 4. Since Count III has not been the subject of any motion practice in this case, the parties assert that it should not have been dismissed. Furthermore, because there remains at least one live federal claim in this lawsuit, the Court should have retained supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claim set forth in Count V (which also has not been the subject of any motion practice) instead of dismissing it without prejudice. For these reasons, the parties argue that the Court should vacate the judgment and reinstate Counts III and V.

The Court notes first that the Motion was timely filed. Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within 28 days after entry of the

1

judgment.  As it happens, the parties filed the Motion on the 28th day after the entry of the Final Judgment.

Next, the Court agrees entirely that it inadvertently construed Count III as a state law claim. That mistake was both preventable and inexcusable.  In the absence of Plaintiff's Notice of Appeal [ECF 97] and Defendants' Notice of Cross Appeal [ECF 100], the Court would promptly grant the Motion, vacate its judgment, reinstate Counts III and V, and return this case to active litigation.

Finally, the Court understands that Plaintiff's Notice of Appeal automatically deprived the Court of jurisdiction while the appeal is pending.  Consequently, to minimize the administrative burden, cost, and inconvenience for the Court of Appeals, the litigants, and their counsel – and to expedite the return of this case to this Court – the Court files this "indicative ruling" under Federal Rule of Civil Procedure 62.1 to make clear that it would have granted the instant Motion in its entirety.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*